FILED
08-26-2020
John Barrett
Clerk of Circuit Court
2020CV005045
Honorable Kevin E. Martens-27
Branch 27

| STATE OF WISCONSIN | CIRCUIT COURT CIVIL DIVISION | MILWAUKEE COUNTY |
|---|---|---|

WASHING MACHINE MAN, LLC,

    PLAINTIFF,

v.

MID-CENTURY INSURANCE COMPANY,

    DEFENDANTS.

## SUMMONS

THE STATE OF WISCONSIN TO:

**Each person named above as a defendant:**

    YOU ARE HEREBY NOTIFIED that the above-named Plaintiff has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

    Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer which does not follow the requirements of the Statutes. Your answer must be sent or delivered to the Court whose address is:

    **Clerk of Circuit Court**
    **Milwaukee County Court House**
    **901 North 9th Street**
    **Milwaukee, WI 53233**

and to Weiss Law Office, S.C., attorneys for plaintiff, whose address is

    **Weiss Law Office, S.C.**
    **1017 West Glen Oaks Lane, Suite 207**
    **Mequon, WI 53092.**

You may have an attorney help or represent you.

    If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be



incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you now own or may own in the future and may also be enforced by garnishment or seizure of property.

Dated this 26th day of August 2020

WEISS LAW OFFICE, S.C.
Attorneys for Plaintiff,
Washing Machine Man, LLC

By: _/s/ Monte E. Weiss_
Electronically signed by:
Monte E. Weiss
State Bar No. 1003816

**P.O. BOX ADDRESS**
WEISS LAW OFFICE, S.C.
1017 W. Glen Oaks Lane
Suite 207
Mequon, WI 53092
262-240-9663 – telephone
mweiss@mweisslaw.net

FILED
08-26-2020
John Barrett
Clerk of Circuit Court
2020CV005045
Honorable Kevin E.
Martens-27
Branch 27

State of Wisconsin
Circuit Court
Milwaukee County

Washing Machine Man, LLC,

    Plaintiff,

v.

Mid-Century Insurance Company,

    Defendant.

_____

## Complaint

_____

    **NOW COMES** the above-named plaintiff, Washing Machine Man, LLC by and through its counsel, and as and for a complaint against the defendant, Mid-Century Insurance Company, hereby alleges, upon information and belief, as follows:

1. That the Plaintiff, Washing Machine Man, LLC is a legal entity with a presence at 6555 N. Teutonia Avenue in Milwaukee, at all times material hereto.

2. That Washing Machine Man, LLC is in the business of repairing, restoring, and reconditioning home appliances for sale to the public.

3. That the 6555 N. Teutonia Avenue in Milwaukee was and still is a retail location for the business of Washing Machine Man, LLC.

4. That at all times material hereto, Washing Machine Man, LLC also had a repair and storage facility for its business use located at 3436 W. Kiehnau, Milwaukee Wisconsin.

5. That the 3436 W. Kiehnau location was property that the Washing Machine Man, LLC leased from a third party.

6. That the defendant, Mid-Century Insurance Company, is a foreign insurance company with a statutory home office location of 6301

1 | P a g e

      Owensmouth Avenue, Woodland Hills, California, 91367 and a registered service of process agent of service of 8040 Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI.

7. That Mid-Century Insurance Company does substantial business in Milwaukee County, Wisconsin.

8. That on or about April 3, 2020, there was a fire at the 3436 W. Kiehnau location.

9. That as a direct and proximate result of the fire at the 3436 Kiehnau location, the business property of the Washing Machine Man, LLC was damaged and destroyed.

10. That as a direct and proximate result of the fire at the 3436 Kiehnau location, the structure that housed the business operations and property of the Washing Machine Man, LLC was damaged to the extent that the Washing Machine Man, LLC could not conduct its business operations in that location.

11. That prior to the of fire of April 3, 2020, Washing Machine Man, LLC sought that insurance coverage that would provide sufficient protection for its business operations though John Volgen.

12. That John Volgren is a captive insurance agent for, *inter alia*, Mid-Century Insurance Company.

13. That Washing Machine Man, LLC discussed its insurance needs with John Volgren and requested that John Volgren acquire an insurance policy or policies that would provide specific, sufficient, proper and appropriate insurance coverage to protect the business operations of Washing Machine Man as discussed.

14. That Washing Machine Man, LLC provided the information requested of it by John Volgren in order for John Volgren to know and understand the insurance needs of Washing Machine Man, LLC.

15. That John Volgren understood the particular insurance needs of Washing Machine Man, LLC

16. That John Volgren agreed to procure an insurance policy that provided sufficient, proper and appropriate insurance coverage to protect the business operations of Washing Machine Man as discussed and requested by Washing Machine Man, LLC.

17. That following and because of the communications between Washing Machine Man, LLC and John Volgren, Mid-Century Insurance Company issued a policy of insurance to the Washing Machine Man, LLC ("Policy"), policy number 60675 32 83.

18. That the Policy was issued for delivery in Wisconsin and delivered in Wisconsin.

19. That despite John Volgren knowing the insurance needs of Washing Machine Man, LLC and agreeing to obtain the specific insurance coverage needed and requested by Washing Machine Man, the Policy issued by Mid-Century Insurance Company to Washing Machine Man, LLC did not comport with the agreement and understanding between Washing Machine Man, LLC and John Volgren as to the requested and needed insurance coverage of Washing Machine Man, LLC.

20. That subsequent to the fire of April 3, 2020, Washing Machine Man, LLC advised Mid-Century Insurance Company of the fire and of the damage sustained to its business operations at the 3436 W. Kiehnau location and requested the payments under and pursuant to the Policy.

21. That in response to Washing Machine Man, LLC's claim for coverage for damages to its business operations and property, Mid-Century advised that the 3436 W. Kiehnau location was not a location insured under the Policy issued and therefore, denied any obligation to make any payments.

22. Washing Machine Man, LLC requested Mid-Century to reform the Policy so that the Policy would conform to the understanding and agreement reached between Washing Machine Man, LLC and John Volgren.

23. Mid-Century Insruance Company refused to reform the policy and maintained its denial of coverage for the losses that Mid-Century sustained as a result of the fire at the 3436 W. Kiehnau location.

3 | P a g e

24. That subsequently to its denial of insurance benefits, Mid-Century reversed its position and reformed the policy to add the 3436 W. Kiehnau location as a location insured under the Policy.

25. That Mid-Century paid sums for business income loss sustained by Washing Machine Man, LLC for the 3436 W. Kiehnau location under and pursuant to the Policy.

26. That Mid-Century paid sums for "extra expense" as defined under the Policy which was sustained or incurred by Washing Machine Man, LLC for the 3436 W. Kiehnau location under and pursuant to the Policy.

27. That pursuant to the Policy, Mid-Century paid the sum of $75,000 for loss of or damage to "business personal property" as defined by the Policy; the loss or damage was sustained or incurred by Washing Machine Man, LLC for the 3436 W. Kiehnau location.

28. That Mid-Century Insurance Company's $75,000 payment for the loss of or damage to "business personal property" was insufficient to fully compensate Washing Machine Man, LLC for the loss of or damage to its "business personal property" as a result of the April 3, 2020 fire referenced herein.

29. That sufficient, proper and appropriate insurance coverage to protect the business operations of Washing Machine Man, as requested by Washing Machine Man, would have a limit of liability for business personal property in an amount of at least $600,000.

30. That Washing Machine Man, LLC requested that Mid-Century reform the Policy to provide the requested sufficient, proper and appropriate insurance coverage to protect the business operations of Washing Machine Man.

31. That Mid-Century has refused to reform the Policy to provide that requested, sufficient, proper and appropriate insurance coverage to protect the business operations of Washing Machine Man, but instead only reformed the policy to provide for a limit of liability for business personal property of $75,000.

4 | P a g e

5 | P a g e

32. That as a result of the fire of April 3, 2020, Washing Machine Man has sustained the loss of business personal property well in excess of the $75,000 limit.

Wherefore, for the foregoing reasons, Washing Machine Man, LLC hereby demands that this court grant its request to reform the Policy to provide, *inter alia*, the requested insurance coverage under the Mid-Century Insurance Company policy, number 60675 32 83, together with taxable costs, disbursements, attorney's fees and for such other relief as this court deems just and equitable.

Dated this 26th day of August 2020

**WEISS LAW OFFICE, S.C.**
Attorneys for Plaintiff
Washing Machine Man, LLC

By:  */s/ Monte E. Weiss*
Electronically signed by:
Monte E. Weiss
State Bar No. 1003816

**P.O. ADDRESS**
**Weiss Law Office, S.C.**
1017 W. Glen Oaks Lane
Suite 207
Mequon, WI 53092
262-240-9663 - telephone
mweiss@mweisslaw.net

5 | P a g e