**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

WASHING MACHINE MAN, LLC,

    Plaintiff,

Case No.: 20-CV-1559

v.

MID-CENTURY INSURANCE COMPANY,

    Defendant.

---

## DEFENDANT, MID-CENTURY INSURANCE COMPANY ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

---

Defendant, Mid-Century Insurance Company, by and through its attorneys, Crivello Carlson, S.C., hereby answers Plaintiff's Amended Complaint, as follows:

1. Answering paragraph 1, upon information and belief, admits.

2. Answering paragraph 2, upon information and belief, admits.

3. Answering paragraph 3, upon information and belief, admits.

4. Answering paragraph 4, upon information and belief, admits.

5. Answering paragraph 5, upon information and belief, admits.

6. Answering paragraph 6, admits.

7. Answering paragraph 7, admits.

8. Answering paragraph 8, upon information and belief, admits.

9. Answering paragraph 9, admits that there was a fire at 3436 Kiehnau location and that there may have been business property damaged. As for the extent and the value of the property allegedly damaged, lack information sufficient to form a belief and therefor denies and puts plaintiff to its proof.

10. Answering paragraph 10, lack information sufficient to form a belief and therefor denies and puts plaintiff to its proof.

11. Answering paragraph 11, admits that prior to the fire of April 3, 2020 Washing Machine Man, LLC sought insurance coverage through agent John Volgren. As for the remaining allegation, lacks information sufficient to form a belief, therefore denies and puts plaintiff to its proof and affirmatively alleges that the agreement to procure insurance is governed by the communications between the agent, John Volgren, and the insured.

12. Answering paragraph 12, admits.

13. Answering paragraph 13, admits that Washing Machine Man, LLC discussed its insurance needs with John Volgren and requested that John Volgren acquire an insurance policy. As for the terms and specific information requested by Washing Machine Man, LLC, lacks information sufficient to form a belief therefore denies and puts plaintiff to its proof.

14. Answering paragraph 14, lacks information sufficient to form a belief therefore denies and puts plaintiff to its proof.

15. Answering paragraph 15, admit that John Volgren understood the insurance needs based on the information provided by the Washing Machine Man, LLC. As for the remaining allegation, lacks information sufficient to form a belief, therefore, denies and puts plaintiff to its proof.

16. Answering paragraph 16, admits that John Volgren agreed to procure an insurance policy that was requested by Washing Machine Man, LLC. As for the remaining allegations, lacks information sufficient to form a belief, therefore denies and puts plaintiff to its proof.

17. Answering paragraph 17, admits that a policy of insurance was issued to Washing Machine Man, LLC, policy number 606753283. As for the remaining allegations, lacks information sufficient to form a belief, therefore denies and puts plaintiff to its proof.

18. Answering paragraph 18, admits.

19. Answering paragraph 19, lacks information sufficient to form a belief, therefore denies and puts plaintiff to its proof.

20. Answering paragraph 20, admits.

21. Answering paragraph 21, denies and puts plaintiff to its proof.

22. Answering paragraph 22, admits.

23. Answering paragraph 23, deny and puts plaintiff to its proof.

24. Answering paragraph 24, admits that Mid-Century reformed the policy to add the 3436 W. Kiehnau location as a location insured under the policy. As for the remaining allegations, denies and puts plaintiff to its proof.

25. Answering paragraph 25, admits.

26. Answering paragraph 26, admits.

27. Answering paragraph 27, admits.

28. Answering paragraph 28, lacks information sufficient to form a belief, therefore, denies and puts plaintiff to its proof.

29. Answering paragraph 29, denies and puts plaintiff to its proof.

30. Answering paragraph 30, admits.

31. Answering paragraph 31, denies and affirmative alleges that Mid-Century reformed the policy to provide a limit of liability for business personal property of

$75,000.00 for the location that was not included in the policy and that this amount of $75,000.00 was the business personal property limit included in the policy.

32. Answering paragraph 32, lacks information sufficient to form a belief, therefore, denies and put plaintiff to its proof.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims may be barred by the applicable statute of limitations.

2. Plaintiff failed to state a claim upon which relief may be granted.

3. Plaintiff may have failed to mitigate its damages.

4. Coverage afforded under the relevant Mid-Century policy is governed by the policy's terms and conditions.

5. Any reformation of the policy is governed by the terms agreed upon by the agent and the insured.

6. The agreed upon Business Personal Property limit was $75,000.

**WHEREFORE**, The Defendant demands judgment dismissing Plaintiff's Amended Complaint together with the costs and disbursements of this action.

**DEFENDANT HEREBY DEMANDS A JURY OF 12 PERSONS**

Dated this 15th day of October, 2020.

                                                                    CRIVELLO CARLSON, S.C.
Attorneys for Defendant, Mid-Century Insurance Company

By: *Stacy K. Luell* *(Electronically signed)*
DONALD H. CARLSON
State Bar No. 1011273
STACY K. LUELL
State Bar No. 1036160

<u>Post Office Address:</u>
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI  53203
Phone 414/271-7722
Fax 414/271-4438